UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                            :

ANDRES MARTINEZ,
                            :

           Petitioner,
                            :

       - against -
                            :

ISRAEL RIVERA, Superintendent,
                            :

           Respondent.
                            :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2007

**MEMORANDUM DECISION**

05 Civ. 9210 (DC)

**APPEARANCES:**     ANDRES MARTINEZ
                       Petitioner Pro Se
                       Coxsackie Correctional Facility
                       P.O. Box 999
                       West Coxsackie, NY  12051-0999

                       ROBERT T. JOHNSON, ESQ.
                       District Attorney, Bronx County
                       Attorney for Respondent
                             By:  Nancy D. Killian, Esq.
                                   Assistant District Attorney
                       198 East 161st Street
                       Bronx, NY  10451

**CHIN, D.J.**

       In this case, petitioner Andres Martinez pled guilty in the Supreme Court of New York, Bronx County to two counts of rape in the first degree, two counts of attempted rape in the first degree, and one count of robbery in the first degree in violation of New York Penal Law §§ 110.00, 130.35(1), and 160.15(3). Martinez was sentenced to a term of imprisonment of twenty to forty years. Now proceeding pro se, Martinez petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that he was denied effective assistance of counsel. For the reasons set forth below, the petition is denied.

## BACKGROUND

On April 24, 1998, Martinez pled guilty to two counts of rape in the first degree, two counts of attempted rape in the first degree, and one count of robbery in the first degree. (Pet. Br. 2).  On May 14, 1998, Martinez was sentenced to an aggregate prison term of twenty to forty years.  (Id. at 6).

On January 13, 2000, the Appellate Division, First Department, unanimously affirmed Martinez's conviction.  People v. Martinez, 703 N.Y.S.2d 431 (1st Dep't 2000).  On March 30, 2000, the New York Court of Appeals denied Martinez's application for leave to appeal.  People v. Martinez, 94 N.Y.2d 922 (2000). No petition for certiorari in the United States Supreme Court was filed with respect to Martinez's direct appeal.  (Pet. Mot. ¶ 9(f)).

On December 23, 2002, Martinez filed a pro se motion pursuant to NYCPL § 440.10.  On February 7, 2003, the trial court denied the motion.  (See Order dated Feb. 7, 2003).

On April 7, 2003, Martinez moved for a writ of error coram nobis in the Appellate Division.  This was denied by the Appellate Division on November 30, 2004.  People v. Martinez, 786 N.Y.S.2d 373 (1st Dep't 2004).  The New York Court of Appeals denied Martinez's leave to appeal that decision on April 6, 2005. People v. Martinez, 4 N.Y.3d 855 (2005).

Martinez initially submitted this § 2254 motion to this Court on August 4, 2005.  He alleges, inter alia, that he received ineffective assistance of appellate counsel.  (Pet. Mot.

- 2 -

¶ 12).  On October 31, 2005, then-Chief Judge Mukasey ordered Martinez to file an amended petition stating (1) why his petition should not be dismissed as untimely, (2) which of his habeas grounds he exhausted in state court, and (3) facts that would show that his delay in filing was excusable.  (Order dated Oct. 31, 2005).

On December 19, 2005, Martinez submitted an amended petition, where he explained in more detail the circumstances of his prior state court proceedings, and conceded that all of his claims were time-barred except for the ineffective assistance of counsel claim.  (Am. Pet. ¶ 13).  Judge Mukasey found that Martinez's § 2254 petition was untimely,[1] but gave him leave to amend his petition a second time to allow him to state facts supporting his claim that equitable tolling should apply to his ineffective assistance of counsel claim.  (Order dated May 11, 2006, at 2-3).

---

[1]     Martinez's judgment of conviction became final on June 29, 2000 -- "on the expiration of his [90 day period of] of time to petition for certiorari in the Supreme Court of the United States."  See Warren v. Garvin, 219 F.3d 111, 112 (2d Cir. 2000). Thus Martinez had until June 29, 2001 to file his habeas petition under 28 U.S.C. § 2244(d).  Properly filed post conviction applications toll the statute of limitations while they are pending but they do not restart the limitations period.  28 U.S.C. § 2244(d)(2).  Because Martinez did not file the first of his post conviction motions until December 23, 2002 -- nearly a year and half past the limitations period -- they have no tolling effect on the statute of limitations.  Therefore, Martinez's § 2254 petition, filed on August 4, 2005, was more than four years late.

On July 4, 2006, Martinez filed this amended petition.

Martinez does not contest that his petition is untimely.[2]

Rather, he alleges that equitable tolling should apply because he

exercised "reasonable diligence" in requesting legal assistance,

which was repeatedly denied by the Department of Corrections.

(Second Am. Pet. ¶ 14).  He also contends that the lack of

Spanish-language legal materials, Spanish-speaking clerks, and

Spanish interpreters at his prison library prevented him from

exercising his legal rights because he does not speak English.

(Id.).

## DISCUSSION

## I.    Equitable Tolling

### A.    Applicable Law

In certain circumstances, a court may excuse a

petitioner's delay in filing a petition pursuant to 28 U.S.C. §

2254 under the doctrine of equitable tolling.  Smith v. McGinnis,

208 F.3d 13, 17 (2d Cir. 2000).  28 U.S.C. § 2244(d)'s one-year

limitations period is subject to equitable tolling only in "rare

and exceptional" circumstances.  Id. (quoting Turner v. Johnson,

177 F.3d 390, 391-92 (5th Cir. 1999)).  The Supreme Court has

cautioned that the doctrine of equitable tolling should be used

"only sparingly" and not in cases involving "garden variety

---

[2]     After conceding that all but his ineffective assistance
of counsel claims are time-barred in his first amended petition,
Martinez does not raise them again in his second amended
petition.

claims of excusable neglect."  Irwin v. Dep't of Veterans
Affairs, 498 U.S. 89, 96 (1990).

         To equitably toll the one-year limitations period, a
party seeking to rely on the doctrine "bears the burden of
establishing two elements: (1) that he has been pursuing his
rights diligently, and (2) that some extraordinary circumstance
stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)
(citing Irwin, 498 U.S. at 96).  These requirements are to be
strictly construed.  Barbosa v. United States, No. 01 Civ. 7522
(JFK), 2002 WL 869553, at *2 (S.D.N.Y. May 3, 2002).

         To establish extraordinary circumstances, a petitioner
must support his allegations with evidence; he cannot rely solely
on personal conclusions or assessments.  See Mendez v. Artuz, No.
99 Civ. 2472 (DLC), 2000 WL 991336, at *2 (S.D.N.Y. July 18,
2000) (holding that conclusory allegations do not meet the high
burden required to justify tolling).  Further, the party must
show that he was unable to pursue his legal rights during the
entire period that he seeks to toll.  Barbosa, 2002 WL 869553, at
*5.  The Second Circuit has held that only a limited number of
circumstances merit equitable tolling, such as "where an
attorney's conduct is so outrageous and incompetent that it is
truly extraordinary."  Doe v. Menefee, 391 F.3d 147, 159 (2d Cir.
2005).

         Failure to speak or understand English is "insufficient
to warrant equitable tolling.  Such a limitation, under which
numerous pro se inmate petitioners suffer, does not amount to

- 5 -

'extraordinary circumstances' and accordingly, courts have repeatedly rejected such an argument." <u>Mendez</u>, 2000 WL 991336, at \*2; <u>see also</u> <u>Tan v. Bennet</u>, No. 00 Civ. 6413 (GEL), 2001 WL 823869, at \*2 (S.D.N.Y. July 20, 2001) (citing cases).

Claims of insufficient legal assistance or lack of aid from prison library staff also do not constitute "extraordinary" circumstances warranting equitable tolling. <u>Lindsay v. Walsh</u>, No. 07 Civ. 0831 (BMC), 2007 WL 1704638, at \*2 (E.D.N.Y June 12, 2007) (citing <u>Armand v. Strack</u>, No. 98 Civ. 6650 (RJD), 1999 WL 167720, at \*5 (E.D.N.Y. Feb. 19, 1999)).  Nor is the lack of access to bilingual paralegals sufficiently extraordinary to justify equitable tolling. <u>Santana v. Kuhlmann</u>, 97 Civ. 3882 (DC), 1998 WL 182433, at \*2 (S.D.N.Y. Apr. 17, 1998).  Further, allegations of difficulty in gaining access to prison law library and its staff are not sufficiently extraordinary for equitable tolling. <u>Stokes v. Miller</u>, 216 F. Supp. 2d 169, 172 (S.D.N.Y. 2000).

B. **Application**

Martinez contends that he was unable to file his § 2254 petition within the statutory period because: (1) the Department of Corrections denied his repeated requests for legal assistance from trained legal clerks, and (2) there are no Spanish language resources or Spanish speaking staff at his prison's law library. (Second Am. Pet. ¶ 14).  Neither of these arguments entitles Martinez to equitable tolling.

First, Martinez gives no evidentiary basis for his allegations, and merely relies on his own personal conclusions that he exercised reasonable diligence in acquiring assistance to file his petition.  For example, he does not document his attempts to acquire assistance, nor does he explain why he was denied this assistance.  These types of unsupported allegations are insufficient.  See Mendez, 2000 WL 991336, at *2.

Second, and more importantly, even if Martinez's claims are true, they still would not entitle him to equitable tolling, as these are the same types of limitations common to many habeas petitioners.  Indeed, courts have repeatedly noted that difficulty with the English language, insufficient legal assistance, and limited access to prison libraries simply do not rise to the level of "extraordinary circumstances" that would entitle a petitioner to equitable tolling.  Martinez v. Kuhlmann, No. 99 Civ. 1094 (MBM/AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3 1999) (citing cases).  Accordingly, because Martinez has failed to assert an extraordinary basis to justify equitable tolling, I conclude that the petition is untimely.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied as untimely.  Because Martinez has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  See 28

U.S.C. § 2253 (as amended by AEDPA).   I certify pursuant to 28

U.S.C. § 1915(a)(3) that any appeal taken from this decision

would not be taken in good faith.   The Clerk of the Court is

directed to enter judgment accordingly and to close this case.

        SO ORDERED.

Dated:     New York, New York
            August 9, 2007

                                                    DENNY CHIN
                                                    United States District Judge